```
                    Environmental Court of Vermont
                          State of Vermont
```

===========================================================================
        E N T R Y   R E G A R D I N G   M O T I O N
===========================================================================

**In re Hale Mountain Fish & Game Club**          Docket No. 149-8-04 Vtec
                                                   Docket No. 259-12-05 Vtec

**Title: Motion to Alter/Reconsider, No. 16**

**Filed:        December 5, 2008**

**Filed By: Paul S. Gillies, Attorney for: Appellants Beauchesne**

**Response filed on 12/22/08 by Cross Appellant Hale Mountain Fish & Game Club**
**Reply filed on 01/09/09 by Appellant Owen & Katherine Beauchesne**

___ Granted                  _X_ Denied                  ___ Other

   Granting a motion to amend or reconsider is "an extraordinary remedy that should be used sparingly." In re Bouldin Camp – Noble Road, No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.); In re S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

   Appellants' current motion, requesting that this Court alter or reconsider its November 21, 2008 Interim Decision, repeats arguments that have already been raised and rejected by this Court in our earlier Decision. We have held on numerous occasions that motions to amend or reconsider "may not be used to relitigate old matters." In re S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 2 (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); accord, e.g., In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 1–2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

   Appellants' motion to amend or reconsider is therefore **DENIED**. As for the Appellants' request for a hearing on their motion, it is within our discretion to decide whether to hold such a hearing, and we decline to do so. Our previous Interim Decision, denying both parties' request for summary judgment and staying these proceedings while the Vermont Supreme Court considers a related appeal, was clear. Appellants have not met the high burden that must be met to cause this Court to revisit an earlier decision.

   To the extent that the Appellants are concerned that they will be bound by Environmental Board rulings that might be overturned by the Vermont Supreme Court, we remind the parties of our earlier decision to stay the current proceedings until the Supreme Court issues its ruling. We intend to abide by whatever ruling the Supreme Court renders in the related appeal.


_____          ____January 20, 2009__
        Thomas S. Durkin, Judge                            Date
===========================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Paul S. Gillies, Attorney for Appellants Owen & Katherine Beauchesne
    Rodney E. McPhee, Attorney for Cross Appellant Hale Mtn Fish & Game Club
    Robert E. Woolmington, Attorney for Town of Shaftsbury (FYI only)